**VERA GITTENS GEORGE, Plaintiff**

v.

**WILLIAM A. LINDESAY, Defendant**

Civil No. 742/1985

Territorial Court of the Virgin Islands

Div. of St. Croix at Kingshill

April 24, 1986

EDGAR D. ROSS, ESQ., St. Croix, V.I., *for plaintiff*

GREGORY E. MILLER, ESQ., St. Croix, V.I., *for defendant*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

This matter was tried to the Court on plaintiff's complaint seeking to quiet title to certain described premises and defendant's counterclaim seeking the same relief. For the reasons set forth below, this Court finds in favor of the plaintiff.

### FACTS

On March 19, 1985, Arabelle McBean (hereinafter "McBean") conveyed to plaintiff Vera Gittens George, her handicapped granddaughter (hereinafter "George"), by a deed of gift, real property consisting of the remainder of parcel No. 2 of Mary's Fancy, Queen's Quarter, Christiansted, St. Croix. George subsequently recorded this deed on April 23, 1985.

On or about March 19, 1985, the defendant, William Lindesay (hereinafter "Lindesay"), learned that McBean had conveyed the property in question to the plaintiff. On April 2, 1985, McBean conveyed the identical property to Lindesay. He recorded his deed of gift on April 2, 1985.

At the trial in this matter, the evidence disclosed that the grantor is a ninety-two-year-old individual who is ambulatory, reasonably astute and capable of answering questions, although she has some hearing difficulty. In addition, while there was some diminishment of capacity, McBean readily recognized both deeds but denied signing either of them. The Court is satisfied, however, that the signature of both deeds is that of McBean.

The evidence reveals further that there was no relationship of trust between the plaintiff and McBean. On the other hand, Lindesay and McBean have enjoyed a close and loving relationship from the time Lindesay was an infant.

## DISCUSSION

The first issue presented to the Court is whether McBean had the requisite capability to make any of the conveyances in question. The Court finds that she did. As indicated earlier, this Court had an opportunity to observe the demeanor of the witness during the trial of this case. The Court found her to be relatively astute and capable of recognizing both the deed to George as well as the one to Lindesay. Furthermore, Lorraine Tonge, a notary public, testified that on the date McBean executed the deed to George:

(a) McBean appeared to be normal;

(b) McBean indicated that she wished to give the land to George;

(c) Tonge read the deed in its entirety to McBean;

(d) McBean represented that she understood the contents of the deed and the effect of her actions;

(e) Tonge believed that McBean understood what she was doing; and

(f) McBean signed the document.

This Court's observation of McBean coupled with the testimony of Tonge, leads to the conclusion that McBean was capable of making a conveyance and did in fact convey by deed of gift to George, as her knowing and voluntary act.

Likewise, the Court is convinced that McBean conveyed the same property to Lindesay by deed of gift dated April 2, 1985. Both Nora Torres and Olga Santos, witnesses to the execution of the deed, testified that McBean signed the Lindesay deed. In addition, Santos testified that Gregory Miller, Esquire, explained the contents of the

44

document to McBean and McBean indicated that she understood what she was doing before signing the document. (Deposition of Olga Santos at pp. 3–4.)[1]

The Court having concluded that both deeds were validly executed by McBean, as her voluntary, intentional acts, it must now decide whether the McBean-Lindesay deed, which was executed subsequent to the McBean-George deed, but was recorded prior thereto, takes precedence over the latter. This Court concludes that it does not.

■ The essence of plaintiff's argument is that although her deed was duly recorded subsequent to the defendant's deed, the latter should be invalidated because defendant was not an innocent purchaser in good faith. Defendant, on the other hand, claims that the plaintiff and others close to her procured the signature of McBean through fraud, deceit and undue influence. Furthermore, Lindesay asserts that McBean had no knowledge of the contents of the deed to George but this is contradicted by the testimony of Mrs. Tonge. In addition, he avers that McBean intended to give all of her remaining assets to him. Lastly, Lindesay states that he is entitled to be compensated for the services which he rendered to McBean. These latter claims are wholly without merit. Regardless of McBean's intent as expressed at the time of trial, she knowingly and voluntarily conveyed her property to George. The consequences of such a voluntary act cannot simply be eradicated because the actor, as an afterthought, chooses to reverse her position. Neither can a claim for compensation for services be sustained because a quantum meruit claim must be based on an expectation of payment or upon circumstances which impliedly suggest the expectation of compensation. This factor is totally absent from the evidence adduced.

28 V.I.C. § 128 provides in pertinent part:

> Every conveyance of real property . . . which is not filed for record shall be void against any subsequent *innocent purchaser in good faith* and *for a valuable consideration* of the same real property, or any portion thereof, whose conveyance is first duly recorded.

---

[1] This deposition was admitted in evidence as defendant's exhibit's 2. The Court specifically holds that while there was a confidential relationship between the defendant and McBean, but not between the plaintiff and McBean, neither party exerted undue influence upon McBean to cause her to sign his/her respective deed.

(Emphasis added.) Hence, the Court must now decide whether the defendant was:

(1) an innocent purchaser;
(2) in good faith; and
(3) for a valuable consideration.

■■ Under 11A V.I.C. § 1—201(33), a purchaser is defined as one who takes by purchase. "Purchase" includes taking by sale, discount, negotiation, mortgage, pledge, lien, issue or reissue, *gift* or any other voluntary transaction creating an interest in property. 11A V.I.C. § 1—201(32) (emphasis added). The property in question was conveyed by deed of gift to Lindesay and was accepted as such by him. Thus, while for the purposes of this Court's analysis, Lindesay would be deemed a purchaser, the evidence reveals that he was not an *innocent* purchaser in good faith. An innocent purchaser is defined to be "one who, by an honest contract or agreement, purchases property or acquires an interest therein, without knowledge, or means of knowledge sufficient to charge him in law with knowledge of any infirmity in the title of the seller". Black's Law Dictionary 927 (revised 4th ed. 1968).

■■ As a general rule, an unrecorded deed or other instrument affecting the title to land is valid against a subsequent purchaser taking with knowledge or notice of the existence of the instrument. 66 Am. Jur. 2d Records and Recording Laws Section 186 (1973). The defendant testified that he had no knowledge of the McBean-George conveyance prior to the execution of his deed. Yet his wife, Jean Lindesay, testified that the parties learned of the McBean-George deed sometime around March 19, 1985.[2] The Court having assessed the demeanor of both witnesses and having considered the possible bias of the defendant insofar as it concerns the effect of any admission of prior notice on the outcome of this case, finds the testimony of Jean Lindesay to be more credible than that of the defendant.

■ 11A V.I.C. § 1—201(19) defines good faith as "honesty in fact in the conduct or transaction concerned." In this instance, it cannot be said that the defendant acted in good faith. Lindesay had knowledge of the McBean-George deed almost two weeks prior to the execution of his deed and accordingly, had ample notice of the

---

[2] This is, incidentally, the precise date on which the McBean-George deed was executed.

status of the title to the property. Hence, the Court concludes that the defendant was not an innocent purchaser in good faith.[3]

## CONCLUSION

■ In accordance with the foregoing, the Court holds that defendant's deed of gift dated April 2, 1985, is deemed to be null and void. Furthermore, title to No. 2 Estate Mary's Fancy, Christiansted, St. Croix, is found to be vested in plaintiff.

## JUDGMENT

IN ACCORDANCE with the Memorandum Opinion filed on even date herewith, it is

ORDERED, ADJUDGED AND DECREED that defendant's deed of gift dated April 2, 1985, is deemed to be null and void; it is further

ORDERED, ADJUDGED AND DECREED that title to No. 2 of Estate Mary's Fancy, Christiansted, St. Croix, is found to be vested in plaintiff; and it is further

ORDERED, ADJUDGED AND DECREED that attorney's fees and costs shall be awarded to the plaintiff upon submission of supporting affidavits in accordance with Lindy Bros.

---

[3] As a consequence, the Court need not decide whether the defendant's purchase was for a valuable consideration.